My name is Cameron Eubanks and I represent the appellant Carnival Cruise Lines. This is a maritime personal injury action. Plaintiff was a passenger aboard a Carnival cruise ship. She alleges that she became injured as a result of Carnival's negligence. Her relationship, like most other Carnival passengers, is governed by the terms and conditions in a ticket contract that include a forum selection clause. Plaintiff and Carnival are both Florida citizens and the issue is whether the district court erred by dismissing this case for lack of subject matter jurisdiction despite the clear maritime nature of plaintiff's claims. We submit that the district court should have examined the factual allegations to determine whether admiralty jurisdiction exists, not just the pleading labels. And your honors, the most instructive case on this issue came up during the pendency of this appeal. It's the Karen versus Norwegian Cruise Line case. Karen was a, much like this case, was a cruise passenger negligence case that was filed in federal court as a result of a forum selection clause in Norwegian's cruise ticket that is substantially identical to the one that Carnival employs in this case. Now in Karen, the passenger was from Canada and Norwegian was a foreign corporation from Bermuda with its principal place of business here in Miami. The passenger alleged diversity and also alleged admiralty but did not make a rule 9h admiralty invocation or designation and she also demanded the common law remedy of the jury trial. This court held that diversity jurisdiction did not exist under the alienage diversity statute because Norwegian was from Bermuda for purposes of diversity and the plaintiff was from Canada, so no diversity existed. But at the same time, admiralty jurisdiction did exist based on the factual allegations in the complaint. Now citing to Jerome Grubart, the Supreme Court case on admiralty jurisdiction, the two conditions need to be satisfied there of location and connection. The tort has to occur either on navigable water or by a ship in navigable water for the location test and for connection, the tort has to have a connection, a disruptive connection to maritime commerce and the Supreme Court in this case, in this court, have continually held that these types of cruise passenger personal injury cases are subject to admiralty jurisdiction based on the nature of the tort. And the court continued, or this court, excuse me, continued that personal injury claims by cruise passengers complaining of injuries suffered at sea are within the admiralty jurisdiction of the district courts. And of course, that's exactly the situation that we have occurring here. Now the other issue in that case, excuse me. Now the plaintiff demanded a jury trial in Karen and according to the district court's defeated its admiralty jurisdiction because there is no common law, there is no common law right to a jury trial in admiralty. But in Karen, this court said that was not really a big deal. You just need to look at the factual allegations, say yes, this is a tort claim, this is a maritime tort claim, it's subject to admiralty jurisdiction despite the request for a jury trial. And also because law and admiralty have been unified, you don't have this formalistic pleading at law, pleading in admiralty. You just look to the facts of the case and you can find jurisdiction. Would you remind me of the citation of the case? I actually do judge. It is 9-10-Fed-3rd-13-59 and I believe it came out in December of last year or January of this year. Now Karen follows along, Crist was a previous decision from this court where this court held that this is a federal form of selection clause. Now Crist and Karen, I'll be the first to admit, they are slightly different in the fact that the plaintiff in that case at least tried to allege admiralty jurisdiction. But the reasoning of the decisions is instructive here because you look to the facts, not to the pleading labels. The main decisions relied on by the district court and the plaintiff below were the Supreme Court's decision in Romero, this court's decision in Armstrong, and a Southern District of Alabama district court case in Pierce. Now they're all distinguishable because they're generally dealing with removal jurisdiction, not subject matter jurisdiction in the first instance. Now in Romero the Supreme Court held that maritime cases are not federal question cases for purposes of 1331 jurisdiction. This court extended Romero and Armstrong to hold that maritime claims cannot be removed from state court to this court or to federal court solely based on the maritime nature of the claim because they're not a federal question in and of themselves. And in Pierce was very similar following Armstrong. It says this court does not have original jurisdiction based solely on its 1333 admiralty jurisdiction over general maritime law claims requesting common law remedies. But based on Karen we know that that's not entirely an accurate statement of law. In the removal context it may be, but not when the plaintiff files in federal court in the first instance because removal jurisdiction is a smaller, narrower subset of jurisdiction than subject matter jurisdiction. Now turning to the nature of the form selection clause itself, these form selection clauses since shoot have been favored on public policy grounds. And they generally dispel confusion where litigation should be brought. They spare litigants in the courts the time and expense of dealing with what is the correct form and they ultimately conserve judicial resources and ultimately that cost savings gets passed on to the passengers. The plaintiff here is not really contesting the applicability of the form selection clause that instead the plaintiff is just challenging your interpretation of it. Sure. Judge, I think that that's probably true, but I think that's this tantamount to saying that this is not a federal form selection clause where the interpretation doesn't require the plaintiffs to file in federal court in the first instance. And no passengers ever made that argument until this case and no court has ever held that until the district court below. And the language really is not an either, it's not an A or B. There's a default for federal court and then there's a residual portion that goes into state court. And that makes sense because there could be potential land-based claims you could have against the cruise lines. And years ago the jurisdictional case law was not entirely well established about whether you get injured in a port, if you get injured in the cruise terminal, are those subjects to administrative jurisdiction or not. And now the cases have become clear that they generally are, but that is a residual portion. It's not just you just pick either or, because again, it's not just for the Florida residents. You also have even a diverse plaintiff, but if your claim is worth $74,000 or $76,000, then that plaintiff supposedly has a determination of where they're going to sue. And I would say that that result's honestly absurd because if they choose the wrong forum, they could get bounced on statute of limitations issues. If that is the choice... Could the forum selection clause have mandated that the claim be filed under admiralty law if admiralty law was available? Could it have explicitly said what I think you're trying to suggest it really means? I think it could have. I think it could have been more clear or done that. But I think most of the courts have essentially inferred or implied that based on the language and the intent of the and getting back to the... I wanted to make one more issue on one more point on the policy issues on these cases. And this is the perfect example of what the Supreme Court talked about in shoot. The carnival doesn't want to see any of its passengers get injured, of course, but this is a extremely modest slip and fall case that has spawned litigation in state court and federal court. There's motion practice here. There's been motion practice in state court. We have an appeal going here. And in the letter brief you saw that we filed, there's really nothing has been done in the state court action at this point. Now, if plaintiff had simply filed in federal court and just proceeded, it's 18 months has passed. The case would have been settled, tried, or resolved at summary judgment. We would have had a disposition in this case most likely at this point. And so these are kind of the issues that the Supreme Court has talked about, why these forum selection clauses are robustly enforced over and over again. And I see I have a few minutes left, and I would like to reserve that for rebuttal if the court does not have any further questions at this point. Thank you. May it please the court, Philip Parrish on behalf of the Appellee Carmela DeRoy, sued to viritis, trial counsel Ben Murphy. Carnival has not and cannot explain why it included this exception for lawsuits, for lawsuits where federal courts lack jurisdiction. Can I ask you a question? Yes. Rule 9H1 says a claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, whether or not so designated. Why does that not dispose of this? Because of the saving to suitors clause. This is not cognizant. You all gave up on the saving to suitors clause below. I mean, you said you were not challenging that. Did you not? Well, but the savings to suitors clause does provide us with the right to file in state court, and the language of their ticket anticipates that there is a subset of cases. Before you get into the substance of that, I just want to make sure I understand what your argument below was, and I want to make sure I'm not misunderstanding it. Below, did you not say you were not relying on the savings to suitors clause? Well, not entirely, but that was an answer to, I think, your question, which is what Rule 9H means. Also, Rule 9H has to be specifically invoked by a claimant. It's not required to be invoked. And also, as the district court held, and as I think Armstrong and Romero suggest, you know, you can file your suit in personam and at law. That's why this provision, this exception to their federal court to the exclusion of state court forum selection clause exists. Otherwise, why would it exist? Mr. Eubanks has not given an adequate reason as to why it exists. It exists for this very reason, because Carnival knew that if a case, a lawsuit that's filed lacks diversity of jurisdiction, it's undisputed, there's no diversity of jurisdiction here because Carnival's principal place of business is Florida. Mr. Roy is a Florida citizen. There's no diversity jurisdiction. And as this court noted in Armstrong, and this is at page 1388, Armstrong is a 1982 decision from this court. In Romero, referring to the United States Supreme Court decision in Romero, the court decided that a general maritime claim, as is involved in this case, does not arise under the Constitution, laws, or treaties of the United States for purposes of Romero, a federal district court should not accept the removal of a saving clause case solely because of its general maritime nature. I think the problem for you is that this is not a removal case. This is a case that you filed. Correct. But, and this is why I respectfully disagree that it's not a problem, because this court went on to say, just after what I just read you, the maritime nature simply does not provide a ground for federal jurisdiction. And that's specifically what Judge Ungaro relied upon, that that's not a significant enough basis. You have to, the only claim for which federal courts have exclusive maritime jurisdiction are NREM claims. That is where there is a claim against the ship, or a claim against the ship. If Carnival wants us to start arresting its ships, then we were, we would be required to file suit under an NREM theory. And the Chimeno case, which the district court also relied upon, that's, or N. Ray Chimeney, it's a Sixth Circuit case, says, and here it's quoting to Wright, Miller, and Cooper, and it says, second, by virtue of the saving clause, plaintiff may also sue at law in a state court or in the United States District Court. However, to pursue the latter choice, that is to sue in the United States District Court, the requirements of diversity of citizenship and jurisdictional amount must be satisfied. Because unless you're suing NREM, and that's the only type of case for which a federal district court has exclusive maritime jurisdiction, that's why Mr. Murphy went to great pains, I'm sorry. Exclusive maritime jurisdiction, right? But you can bring an in personam admiralty claim in federal district court, correct? No, you can bring an in, well, you can bring it if you invoke admiralty jurisdiction, which is what the plaintiffs did, and the reason why neither Karen nor Crist apply or save the day for Carnival is that in those cases, the plaintiff did argue for admiralty jurisdiction. Let me ask you this, it's, I think it's a tricky case, but if a court does have subject matter jurisdiction over something, isn't it under an obligation to exercise that subject matter jurisdiction? Sure, yes. And so, you know, again, I just go back. If it's been invoked, yes. Okay, and so your position is that 9-H doesn't count because you all didn't specifically say we're proceeding under 9-H? Or 1333, we did not invoke the federal district court's admiralty jurisdiction in any way, and I would point out that. Do you have a citation for that? That if you don't invoke, if you don't specifically say we're proceeding under rule 9-H-1, that 9-H-1 doesn't apply, because as I said, that says a claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, whether or not so designated. Right. Well, your honor, this, I don't have a case as I stand here for that proposition, but this is not cognizable in admiralty because we did not invoke the court's admiralty jurisdiction. We did as we are permitted to do and filed suit in personam and in negligence in personam. We filed a state court case so that we could have belts and suspenders because, you know, for instance, what happened in Crist was they filed in state court first, and by the time they got to federal court, the statute of limitations had run. So in this case, we sued in both just to make certain that the statute of limitations wouldn't run. But let me ask you, what do you think this phrase means, whether or not so designated? Is that not the equivalent of whether or not invoked? Maybe it's not. It does not. I don't think it's the same. It's because you're not required to invoke 9-H. It's always been considered to be voluntary, and I can certainly provide the court. I don't think that was addressed by other party in the briefs, but I could provide the court with case law to that effect post oral argument. I'm very certain that 9-H is not required to be invoked. Let me ask you this. If two non-diverse parties, if a non-diverse party invokes diversity jurisdiction for what's indisputably a federal claim, there's federal subject matter jurisdiction, but the party invokes only diversity jurisdiction, is the district court required to dismiss that claim for lack of jurisdiction, even though it actually has federal question jurisdiction? No. Well, federal courts are required, and this often arises here at the 11th appellate, have a zealous duty, I think as the case law suggests, to make certain, in all instances, that the court does have subject matter jurisdiction, which is what Judge Angaro was doing in this case when she looked at the U.S. Supreme Court authority. She looked at the language of the ticket, and she looked at Cementi, this court's opinion in Armstrong, which doesn't just say it applies to removal cases. The point is that there was no question. If the plaintiff had invoked admiralty jurisdiction, there would have been no question that admiralty jurisdiction existed, correct? The district court acknowledged that in footnote 8. She said she likely would have had jurisdiction had it been invoked. You would agree with that. You would agree. Yes. If it had been invoked. Okay. What you did is you filed this complaint, which reads more like a brief. You say you started a complaint, amended a complaint, and you lay out the facts, and you say this case lacks federal diversity subject matter jurisdiction. This is a very peculiar complaint. So you say why. Then you say this case lacks federal question subject matter jurisdiction. I mean, most of the time you go in and invoke jurisdiction. You said it lacks it in your admiralty subject matter jurisdiction. So we're in the odd situation where you've gone to court and saying here's my state law negligence claim. I'm not invoking admiralty jurisdiction, and as a matter of fact, I filed here, but Judge, I want you to tell me there is no jurisdiction. That's what you did. Judge Ungar acknowledged it was somewhat unorthodox. That's what your complaint did, correct? Right. Okay. So doesn't that seem kind of trying to get her to give an advisory, unless we go with Rule 9H, which I think is the purpose of Rule 9H. You'd just be asking her to give an advisory opinion. She doesn't have, I mean. If you don't want to be in federal court, then why would you file in federal court, I think is the heart of the question. Because we were contractually required to do so by carnival unless we meet the exception. So we had to come to federal court and say we meet the exception. Why does this exception exist if it isn't for this case? It otherwise would not exist. The U.S. Supreme Court approved their geographical form selection clause in carnival versus shoot, and then at some point thereafter, carnival decided, well, let's see if we can't get court to say we can force you into federal court. But they understood that there was a loophole here, which is that if you sue in personam, you have not invoked the maritime lawsuit. And they said, as to those lawsuits, they didn't say as to any injury which occurs on the water. They said as to those lawsuits to which the federal courts of the United States lack subject matter jurisdiction than before a court located in Miami-Dade County, which this court in Crist actually acknowledged was what the language says and the effect of language. If you think this case belongs in state court and the form selection clause is invalid, can't the state court say so? I think state courts do a pretty good job. Well, here's the issue. Again, wearing belts and suspenders. If the state court will simply most likely dismiss the claim if it weren't for Judge Ungaro's order due to the Leslie decision out of the Third District Court of Appeal, which has enforced the form selection clause. But the specific argument we're raising now I don't think was raised then. But the federal district court judge ruled first. Mr. Eubanks wants to suggest that we're doing something that's not expedient. But Judge Ungaro ruled quickly. We're now on appeal. We're far ahead of where the state court action is. And we have a very discrete legal issue to present to this court, which is that the clause invites us to do this. It has an exception for a reason. What is the reason for this? The suggestion that, well, it wasn't always clear whether or not, you know, some of the cases that occurred on land were going to be considered to be maritime. But actually, in addition to making the change made after shoot, in addition to requiring us to sue in federal court except for this exception, also adds language that the lawsuit need not be just incident to the contractor crews, but or the guest crews, including travel to and from the vessel. So they've already expanded the language of the form selection clause to take care of those issues that Mr. Eubanks now says may be the reason why they put this exception in. The only reason for this exception is that there are cases where the plaintiff, who is the master of her complaint, can sue in personam and negligence. And the reason we went to federal court was because if we go to state court, they're just going to say, well, you disobeyed this form selection clause. I'm sorry to interrupt. I'd like to ask a practical logistics type of question. For purposes of this question, assume that we conclude, and I'm not saying that we will, but assume that we conclude that there was admiralty jurisdiction. In view of the fact that you have specifically disavowed proceeding under admiralty jurisdiction, what happens to this case? What do we do with it? I mean, do we dismiss it? Do we remand it to the district court for further proceedings? I'm not sure what the posture would be. I suppose that you would remand it to the district court for further proceedings, but to give you an opportunity to amend your complaint, or what would, I mean, I don't understand how that would work. I hadn't really considered that, Your Honor, until you just asked the question. I think in this case, I would ask the court to affirm the district court because I know, but the premise of this question is that we're not, and again, we haven't made any decisions. We haven't even discussed the case amongst ourselves, and the reason for oral argument is to hear your views on different things. I mean, the option is to either reverse and remand for, I mean, what would you be doing, reversing or remanding, either to allow to amend or not to allow to amend and to dismiss for failure to invoke the court's jurisdiction, in which case, we're then, the reason that we wore belts and suspenders, I guess, would come into play because we have an I mean, I guess then you'd have to deal with the form selection issue in state court. Right. With the plaintiff. That's an interesting proposition. If we said you didn't invoke any jurisdiction, we don't get into this very difficult issue. We dismiss it. You never asked to have any jurisdiction. It would be an advisory opinion. If there's no jurisdiction, you didn't invoke any jurisdiction. We vacate the order, dismiss the case for lack of jurisdiction as you pled in the right way. And then you have nothing. Then you go back to state court and they're going to do what they say. Well, I don't, it's peculiar. All things peculiar. Well, but we, you know, we did what Carnival said we should do, which is to sue them in federal court, except that they have the exception. We meet the exception. The district courts did look at it and say, you didn't file under the declaratory judgment action. And there'd been a case about 10 years ago called Barry, where that had been done. And it had only been done as a deck action. And the district court said, you don't have standing to file a deck action. In this case, Judge Ongaro said, I, I'm going to construe this as being in part a request for declaratory judgment. And as to that aspect, you don't have standing, but you do have standing because you have sued in negligence. You have claimed that you have a broken foot and therefore I'm going to reach this issue. And, and she reached the issue in reliance on this court's opinion in Armstrong and in reliance upon the enrechemente of the Sixth Circuit and Romero, the United States Supreme Court. And I would respectfully suggest that. But is the bottom line, she's dismissing because she doesn't have jurisdiction? Subject matter jurisdiction. Subject matter jurisdiction. Right. Because of the way that the claim is brought, which is a permissible way to bring the claim, was anticipated by Carnival or else that language makes no sense. Why is that language there? The, the responses provided by Carnival respectfully earlier were not sufficient. The reason that the language is there, thank you about this exception. Thank you. Thank you counsel. Thank you judges. Um, a few points before you start and I'm sorry to cut you off, but, um, can you answer my question? What would we do if we determined that, uh, that, that 9-H required the conclusion that the district court had jurisdiction in light of the fact that the plaintiff's complaint specifically disavows proceeding under Admiralty jurisdiction? I think, I think this court should reverse and remand further proceedings in the district either, either finding there's Admiralty jurisdiction or allowing plaintiffs to amend their complaint. Because when we moved to dismiss, we said their negligence claim is fine. Please proceed in district court. That's where we want to be. We don't want to be in state court. We don't want to be all over the place. So that's what we would, we would prefer. Um, a few other points. Mr. Parrish says that this exception is for non-diverse passengers. If that is the case, this is probably the worst way you would ever word it. It's not clear at all that this exception is only for non-diverse passengers. And again, it isn't just Florida residents. It's someone whose claims were $74,000 and instead of $76,000. So that is not a great way to frame it. So for Mr. Parrish to say that this is clearly intended for this case, other non-diverse passengers, there's no way. And I think the language about travel to and from the vessel enforces the fact that they're contemplating land-based claims that could be theoretically brought against the cruise line. Can I ask you about your position on whether 9-H has to be specifically invoked for it to be briefed? We agree that if it's only cognizable in admiralty, you don't have to have a designation in admiralty. You don't have to have a formal invocation. You can just look to the facts of the case. And I think that's what Karen said because the plaintiff there had not made a 9-H designation invocation. They had just simply alleged admiralty and then requested a jury trial. So the complaint there was kind of a mixed match. And again, this court just looked to the facts and said, this is a maritime tort. It's clearly within admiralty. Um, and this court's I mentioned in the opening, this court's decision in Armstrong does not control this case because again, it's purely in the removal context. And when this court said there's no federal jurisdiction based on the maritime nature of the claim, it's talking about in the context of removal, not whether the claim can be brought here in the first instance. For all those reasons, if the court doesn't have any more questions, I would ask you please reverse and remand for further proceedings in the district court. Thank you. Thank you, counsel.